UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONATHAN GALEN MCPHERSON,

Petitioner,

v.                                                      CAUSE NO. 3:26-CV-221-PPS-AZ

WARDEN,

Respondent.

<u>OPINION AND ORDER</u>

Jonathan Galen McPherson, a prisoner without a lawyer, filed a habeas corpus

petition to challenge his conviction for cocaine dealing and possession under Case No.

20D03-1206-FA-30.[1] Following a jury trial, on August 14, 2014, the Elkhart Superior

Court sentenced him as a habitual offender to ninety-three years of incarceration. This

sentence was later lowered to an aggregate sentence of seventy-five years. *See*

*McPherson v. State*, 32 N.E.3d 284, 2015 WL 1967637 (Ind. Ct. App. Apr. 28, 2015).

Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court."

In the petition, McPherson argues that he is entitled to habeas relief due to trial

counsel error, trial court error, and a freestanding claim of actual innocence. The statute

of limitations for habeas petitions states as follows:

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana
courts, which are available at https://public.courts.in.gov/mycase/.

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the State court docket, McPherson's direct appeal concluded when the Indiana Court of Appeals affirmed his conviction on April 28, 2015, and McPherson did not seek a transfer to the Indiana Supreme Court. Consequently, the federal limitations period started running when the time to file a petition to transfer to the Indiana Supreme Court expired on June 12, 2015. *See* Ind. R. App. 57(C)(1) (petition to transfer must be filed within 45 days

2

of adverse decision). 52 days later, on August 3, 2015, McPherson initiated post-conviction proceedings, which culminated in the Indiana Court of Appeals' affirmance of the denial of post-conviction relief on February 12, 2018. The federal limitations period expired 306 days later on December 17, 2018. Though McPherson pursued post-conviction relief in State court on other occasions, these subsequent efforts did not restart the federal limitations period, nor did they "open a new window for federal collateral review." *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because McPherson filed the petition seven years too late, I find that the petition is untimely.

McPherson asserts that actual innocence excuses the untimely nature of his petition. A habeas petitioner can overcome untimeliness by establishing that the court's refusal to consider an untimely claim would result in a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U.S. 383, 394 (2013). To meet this exception, the petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the crime. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quotation omitted). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quotation omitted). In this context, the court may consider evidence only if it is reliable and was not presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). Actual innocence in the context of federal habeas law "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

McPherson specifically asserts that he is actually innocent because "there was absolutely no evidence presented at his trial on the record that connected McPherson to a crime or criminal activity as articulated in the search warrant." ECF 1 at 3. To start, McPherson's assertion of actual innocence does not appear to identify any new evidence that was not presented at trial. On the contrary, the allegations in the petition suggest that no evidence to support the search warrant application exists, and, even if it did, it seems that such evidence would be incriminating rather than exculpatory. Further, the evidence used to support an application for a search warrant seems largely immaterial to McPherson's conviction by a jury. I am unaware of any legal authority obligating the prosecution to prove the allegations in a search warrant application in order to obtain a valid conviction at trial. While one might reasonably expect some overlap between the allegations in a search warrant application and the prosecution's case-in-chief at trial, it would also be reasonable for the prosecution's theory of the case to change based on further investigation or legal considerations.

Because McPherson asserts no valid excuse to the untimely nature of the petition, I am inclined to dismiss the petition as untimely. Nevertheless, out of an abundance of caution, I will allow McPherson an opportunity to address the concerns set forth in this order before deciding whether to dismiss the petition pursuant to Section 2254 Habeas Corpus Rule 4.

As a final matter, McPherson has filed a motion to extend the deadline to pay the filing fee. ECF 6. He explains that he recently submitted a remittance slip for the filing

4

fee to a counselor and attributes the delay to his transfer to another correctional facility. For good cause shown, I will grant the extension.

For these reasons, the court:

(1) ORDERS Jonathan Galen McPherson to file a response to this Order <u>by June 10, 2026</u>;

(2) GRANTS the motion to extend (ECF 6)

(3) EXTENDS the deadline for Jonathan Galen McPherson to pay the filing fee to <u>June 10, 2026</u>; and

(4) CAUTIONS Johnathan Galen McPherson that, if he does not respond by this deadline, the court will dismiss this case as untimely without further notice.

SO ORDERED.

ENTERED: May 7, 2026.

<u>/s/ Philip P. Simon</u>
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT